# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE FRANKLIN BANKS, III,** | : | Civil No. 1:13-CV-1695 |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **TABITHA ASHLEY MACON,** | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

The plaintiff in the above-captioned action, George Franklin Banks, III, is an inmate in the custody of the Dauphin County Prison.  On June 24, 2013, Banks commenced this action, requesting that the court order Tabitha Ashley Macon to subject one Jayelle N. Ross to a paternity test.  Although the complaint does not provide any description of the defendant other than to provide her name, certain allegations in the complaint suggest that Ms. Macon may be the mother of the child who is the subject of the plaintiff's claim of paternity.

The plaintiff represents that Ms. Ross is his child, and he contends that the defendant has denied him any access to Ms. Ross, and has otherwise refused the plaintiff's requests for a blood test to determine whether or not he is the child's father.

The plaintiff thus invites the court to interject itself into what appears to be a vaguely described domestic relations dispute. Although the plaintiff represents that he is bringing this lawsuit pursuant to 42 U.S.C. § 1983, the plaintiff does not articulate what federal rights the defendant is alleged to have violated, but instead merely alleges that "Defendant refuses to cooperate with repeated request of blood test to determine if child is the Plaintiff's" and then asks "the courts to order a blood test." (Doc. 1.) In the event such a paternity test proves that the plaintiff is the child's father, the plaintiff "would like to be granted partial/fully custody. Visitation rights at the least." (Id.) The plaintiff has sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.)

Upon consideration, we will grant the plaintiff's request for leave to proceed *in forma pauperis*, but will recommend that the plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted. The plaintiff's allegations, at most, suggest dissatisfaction with a domestic relations process, and do not articulate a cause of action for any federal or constitutional violation. Simply put, the plaintiff's complaint offers no basis upon which for this court to order any substantive relief, and instead appears to be an improper invitation to the federal courts to address plaintiff's dissatisfaction with the response of domestic relations officers to his request for paternity testing. The court should

decline this invitation, and dismiss the complaint without prejudice to the plaintiff being given a final opportunity to state a plausible claim upon which relief could be granted.

## II. STANDARD OF REVIEW

Because we will grant the plaintiff's request for leave to proceed *in forma pauperis*, we are compelled to screen the plaintiff's complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or otherwise seeks monetary relief against a defendant who is immune. See 28 U.S.C. § 1915(e)(2)(B). (mandating a screening process in *in forma pauperis* civil actions).

Whether a complaint fails to state a claim under 28 U.S.C. § 1915(e) is governed by the same standards that are applicable to motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual

grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the . . . well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged . . . are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the p[arty's] entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

6

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

## III. DISCUSSION

### A. The Plaintiff Has Not Articulated a Federal Cause of Action

The plaintiff purports to be bringing this action pursuant to 42 U.S.C. § 1983. That statute "imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or

statutory right." Id. In order to establish a claim under § 1983, therefore, a plaintiff must establish both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law. Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005).

In this case, the complaint does not sufficiently allege facts that articulate a claim under these prevailing standards. As a threshold matter, the plaintiff does not articulate any federal constitutional or statutory right that the defendant allegedly violated by failing to respond to the plaintiff's requests for paternity testing. Indeed, the plaintiff does not articulate any law – federal or otherwise – that the named defendant or another party has transgressed by failing to provide him with a blood test to establish paternity. Instead, he alleges only that he "wrote to domestic relations twice. They answered some questions for me but, never responded about the blood test that I asked them for." (Doc. 1.) This kind of generalized allegation, which does not articulate in any way a violation of federal law is, in short, simply insufficient to allege a plausible cause of action under 42 U.S.C. § 1983.

> **B.** **To the Extent the Named Defendant is Not a State Actor, She is Not an Appropriate Defendant in a Suit Brought Pursuant to 42 U.S.C. § 1983**

In addition to complaining generally that his request for paternity testing have not been answered to his satisfaction, the plaintiff alleges generally that "defendant

has another man thinking that my child is his when she knows that the child is mines [sic]. All for monetary purposes." (Doc. 1.)

Although this allegation is extraordinarily general, it suggests another, more fundamental problem with the complaint: it appears that the plaintiff has named as the defendant in this federal civil rights lawsuit the woman who is the mother of the child he claims to have fathered. To the extent that the named defendant is not a state actor, but is instead a private party, the plaintiff's complaint under 42 U.S.C. § 1983 would be improper as to this individual.

It is axiomatic that 42 U.S.C. § 1983 provides for a cause of action against persons acting "under color of state law." Thus, in order for a defendant to be liable under § 1983, she must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). In this case, to the extent that the named defendant is not an official acting under color of state law but is, instead, the mother of the child regarding whom the plaintiff claims paternity, then the complaint would be subject to dismissal for this reason as well.[1]

---

[1] It is true that although not an agent of the state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts "under color of state law" for purposes of § 1983.

## IV. RECOMMENDATION

In summary, upon screening of the plaintiff's complaint, we find that it fails to articulate the deprivation of a federal right or otherwise state a cause of action that may be remedied under 42 U.S.C. § 1983. Moreover, to the extent the plaintiff is attempting to sue a non-state actor under 42 U.S.C. § 1983, the complaint would also be subject to dismissal because such an individual is not, based on the facts alleged in the complaint, subject to liability under this statute.

We note, however, that in most cases involving a *pro se* plaintiff alleging constitutional violations, a plaintiff should be granted leave to amend prior to the dismissal of a complaint. See Grayson v. Mayview Stat Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Dismissal without leave to amend should be ordered only on the grounds of bad faith, undue delay, prejudice, or futility. Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004).

---

Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998); see also McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ., 24 F.3d 519, 524 (3d Cir. 1994) ("State action may be found if the private party has acted with the help of or in concert with state officials."). Even acknowledging this potential for liability under § 1983 on the part of private parties, however, in this case the complaint contains no allegations to even suggest at a conspiracy between a private party and state officials. Indeed, review of the complaint reveals no plausible facts reflecting joint action, and in fact does not even allege conspiracy by any party, named or otherwise.

Accordingly, IT IS HEREBY ORDERED THAT the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2.) be GRANTED.

Furthermore, IT IS HEREBY RECOMMENDED THAT the plaintiff's complaint (Doc. 1.) be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

IT IS FURTHER RECOMMENDED THAT the complaint be dismissed without prejudice to the plaintiff filing an amended complaint within 20 days of an order addressing this report and recommendation.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of June 2013.

>*/s/ Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge